IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

Aaron Haas, et al.,

    Plaintiffs,

v.                                               Civil Action No. 3:17-cv-260

City of Richmond, et al.,

    Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on Defendants the City of Richmond, Selena Cuffee-Glenn, Timothy Burnett, William Davidson, and Randall Masters' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) (ECF No. 24); Defendants Jeremy L. Nierman and Alice Snell's MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) (ECF No. 36); Defendant Aaron Grayson's MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) (ECF No. 41); PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (ECF No. 27); and Plaintiffs' MOTION TO LEAVE TO AMEND TO ALL DEFENDANTS/ DISMISS THE PRIOR MOTION TO LEAVE TO AMEND (ECF No. 48). For the following reasons, Defendants' motions to dismiss (ECF Nos. 24, 36, 41) will be granted; PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (ECF No. 27) will be denied as moot; and Plaintiffs' MOTION TO LEAVE TO AMEND TO ALL DEFENDANTS/ DISMISS THE PRIOR MOTION TO LEAVE TO AMEND (ECF No. 48) will be granted in part and denied in part.

# BACKGROUND

## I. Procedural Context

Plaintiffs Aaron and Lena Haas, proceeding pro se, sue Defendants on a variety of grounds under 42 U.S.C. §§ 1983 and 1985 (and perhaps other provisions of law).

Plaintiffs filed their Complaint (ECF No. 1) on April 4, 2017. On April 20, 2017, Plaintiffs moved to amend the Complaint (and a corrected version of the motion was filed on April 28, 2017). On May 18, 2017, the Court signed an ORDER (ECF No. 6), which advised that the Complaint and proposed amendments were inadequate and required Plaintiffs to replead their claims. Plaintiffs filed an Amended Complaint (ECF No. 7) on June 19, 2017, and several Defendants moved to dismiss the Amended Complaint on November 28, 2017. On November 29, 2017, Plaintiffs filed a Second Amended Complaint (ECF No. 20) pursuant to Fed. R. Civ. P. 15(a)(1), and the Court by ORDER (ECF No. 23) dated December 11, 2017 denied as moot the motion to dismiss.

Several Defendants thereafter filed motions to dismiss the Second Amended Complaint. After the first of these motions was filed, Plaintiffs moved for leave to file a Third Amended Complaint. Plaintiffs later filed a second motion for leave to amend. In that second motion, Plaintiffs requested that the previous motion to amend be dismissed.

## II. Relevant Factual Allegations in the Second Amended Complaint

Plaintiffs' Second Amended Complaint lists several dates on which various Defendants engaged in unspecified improper conduct. Second Am. Compl. 8. Davidson did something on June 11, 2007; Burnett, Wiggins, and Davidson did something on November 24 (year unspecified); Burnett and Nierman did something on January 4, 2011; Burnett and Wiggins did something on January 5, 2011; Burnett and Grayson did something on September 2, 2011; Burnett and Cooper did something on December 8, 2011; Davidson did something on September 18, 2013; and Masters, Snell, and Davidson did something on January 28, 2018. Second Am. Compl. 8.

The Second Amended Complaint then proceeds to enumerate a series of wrongs in which the aforementioned Defendants were involved on the listed dates. Second Am. Compl. 8-9. These wrongs include: "violating the 4th amendment and initiating searches without probable cause"; "interfering with Mr. and Mrs. Haas [sic] rights and the defendants refusing to leave the private property and continue their searches"; "[h]arassing Mr. and/or Mrs. Haas"; "conspired (constructive and Actual) with other defendants to deprive constitutional rights under 18 USC §241"; "discriminating against Mr. and Mrs. Haas because they voiced their civil rights and because of property at 6001/6007"; "deprived constitutional rights under 18 USC 242"; "threatened"; "illegally seize property/unlawful

3

conversion of 6001/6007 Hull Street Road"; "violated the 5th amendment of the United States"; "violated of [sic] the right to privacy, the 9th amendment of the United states"; "violated of [sic] equal protection of the laws guaranteed by the 14th amendment of the United States"; and "violated civil rights." Second Am. Compl. 8-9.

Plaintiffs also allege that, from 2007 to 2017, "[t]he Chief Administrative Officers, Mr. Marshal and/or Ms. Cuffee-Glenn" were "directly responsible for the [City of Richmond's] day to day municipal operations and had a duty to protect civil rights, by having proper management, training, written formal policies and procedures in compliance with the city's authority, and compliance of [sic] all laws, including federal laws" but failed to protect Plaintiffs "by not having a [sic] clear written formal policies, procedures and proper management for the Planning Department and/or its units." Second Am. Compl. 9. They claim that "[t]he city audits during 2007-2017 had recommendation [sic] to establish written policies and without the policies or proper management, the 'city' and the defendants failed to catch the repeated customs" that caused the above-listed wrongful conduct. See Second Am. Compl. 10. According to Plaintiffs, the City of Richmond "failed to prevent and/ or redress customs of the department by the defendants" that caused the listed conduct, even after receiving complaints from Plaintiffs on February 29, 2012 and thereafter. See Second Am. Compl. 10.

4

# DISCUSSION

## I. The Fed. R. Civ. P. 12(b)(6) Motions

Defendants move to dismiss Plaintiffs' Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Defs.' Br. 1 (ECF No. 26); Defs.' Br. 1 (ECF No. 38); Def.'s Br. 1 (ECF No. 43). Defendants raise several arguments, but, importantly, they assert that the Second Amended Complaint lacks sufficient factual allegations to support a claim. Defs.' Br. 9 (ECF No. 26); Defs.' Br. 8 (ECF No. 38); Def.'s Br. 8 (ECF No. 43). The Court agrees.

### A. The Standards Governing Fed. R. Civ. P. 12(b)(6) Motions

Fed. R. Civ. P. 12(b)(6) motions are evaluated under the following standards:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" We accept as true all well-pleaded facts in a complaint and construe them in the light most favorable to the plaintiff. As for pro se complaints, we "liberally construe" them.

Matherly v. Andrews, 859 F.3d 264, 274 (4th Cir. 2017) (citations omitted). Notwithstanding those basic principles, however:

> We do not . . . "accept as true a legal conclusion couched as a factual allegation." Nor do we accept "unwarranted inferences, unreasonable conclusions, or arguments." We can further put aside any "naked assertions devoid of further factual enhancement."

SD3, LLC v. Black & Decker (U.S.) Inc., 801 F.3d 412, 422 (4th Cir.

5

2015) (citations omitted).

B. **Analysis**

Here, Plaintiffs' Second Amended Complaint contains no factual allegations that could establish a plausible claim for relief. The alleged wrongs are described in a conclusory manner and constitute "naked assertions devoid of further factual enhancement." See SD3, 801 F.3d at 422 (citations omitted). Accordingly, Defendants' motions to dismiss will be granted.[1]

II. **The Motions to Amend the Second Amended Complaint**

Plaintiffs have moved, twice, to amend the Second Amended Complaint. Plaintiffs' request to amend shall be denied.

A. **Withdrawal of the First Motion to Amend the Second Amended Complaint**

As a threshold matter, the Court must resolve the issue of Plaintiffs' two motions to amend the Second Amended Complaint. As noted above, Plaintiffs moved to amend the Second Amended Complaint and then, thereafter, again moved to amend the Second Amended Complaint and to dismiss the first motion to amend. The Court will

---

[1] Plaintiffs present additional allegations in their Oppositions to Defendants' motions to dismiss. See Pls.' Opp'n 4 (ECF No. 28); Pls.' Opp'n 2-23 (ECF No. 44). However, allegations that appear only in a brief are not considered on a motion to dismiss. See, e.g., Blaise v. Harris, 3:16-cv-23, 2016 WL 4265748, at *3 (E.D. Va. Aug. 11, 2016); Neal v. Patrick Henry Cmty. Coll., 4:15-cv-4, 2015 WL 5165278, at *6 (W.D. Va. Sept. 3, 2015); Campbell ex rel. Equity Unit Holders v. Am. Int'l Grp., Inc., 86 F. Supp. 3d 464, 472 n.9 (E.D. Va. 2015), aff'd, 616 F. App'x 74, 75 (4th Cir. 2015) (per curiam).

permit Plaintiffs to dismiss, i.e., to withdraw, their first motion to amend. Accordingly, Plaintiffs' MOTION TO LEAVE TO AMEND TO ALL DEFENDANTS/ DISMISS THE PRIOR MOTION TO LEAVE TO AMEND (ECF No. 48) will be granted to that limited extent and PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (ECF No. 27) will be denied as moot, having been withdrawn. The following analysis pertains to the remainder of the second motion to amend the Second Amended Complaint.

### B. Whether to Permit Amendment of the Second Amended Complaint

#### 1. The Standards Governing Amendment of a Complaint Under Fed. R. Civ. P. 15(a)(2)

Plaintiffs have already amended a complaint pursuant to Fed. R. Civ. P. 15(a)(1). See ORDER (ECF No. 23). Accordingly, Fed. R. Civ. P. 15(a)(2) governs. See Fed. R. Civ. P. 15(a). The standards applicable to such an amendment are as follows:

> Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely give leave" to amend a complaint "when justice so requires." Despite this general rule liberally allowing amendments, we have held that a district court may deny leave to amend if the amendment "would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile."

United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc., 707 F.3d 451, 461 (4th Cir. 2013) (citations omitted).

The Supreme Court has further instructed that amendment may be denied after "repeated failure to cure deficiencies by amendments

previously allowed." Foman v. Davis, 371 U.S. 178, 182 (1962). The Fourth Circuit appears to consider this element to be part of the "prejudice" factor. See Abdul-Mumit v. Alexandria Hyundai, LLC, __ F.3d __, 2018 WL 3405474, at *6 (4th Cir. 2018) ("Prejudice to the opposing party 'will often be determined by the nature of the amendment and its timing.' . . . We look to the 'particular circumstances' presented, including previous opportunities to amend and the reason for the amendment." (citations omitted)).[2]

In that vein, the Fourth Circuit has permitted dismissal of complaints after plaintiffs have repeatedly failed to take advantage of opportunities to present a claim. For example, in United States ex rel. Nathan, the Fourth Circuit observed:

> Relator has amended his complaint three times. A decision granting him leave to amend yet again would have resulted in a fifth complaint filed in this case. We also observe that two years have elapsed between the filing of the original complaint and the district court's dismissal of the amended complaint currently before us in this appeal. The granting of leave to file another amended complaint, when Relator was on notice of the deficiencies before filing the most recent amended complaint, would undermine the substantial interest of finality in litigation and unduly subject Takeda to the

---

[2] There is also case law indicating that repeated pleading failures suggest futility and bad faith. See Martin v. Duffy, 858 F.3d 239, 247 (4th Cir. 2017) ("Such repeated, ineffective attempts at amendment suggest that further amendment of the complaint would be futile."); Wilkins v. Wells Fargo Bank, N.A., 320 F.R.D. 125, 127 (E.D. Va. 2017) ("Bad faith includes . . . seeking leave to amend after repeated "pleading failures." (citations omitted)).

> continued time and expense occasioned by Relator's pleading failures. In view of the multiple opportunities Relator has been afforded to correct his pleading deficiencies and the deference due to the district court's decision, we conclude that the district court did not abuse its discretion in denying him leave to file a fourth amended complaint.

United States ex rel. Nathan, 707 F.3d at 461.

Likewise, in Glaser v. Enzo Biochem, Inc., "Plaintiffs had an unprecedented thirteen months of unilateral pre-complaint discovery under Bankruptcy Rule 2004 and had already set forth four iterations of their complaint." Glaser v. Enzo Biochem, Inc., 464 F.3d 474, 480 (4th Cir. 2006). The Fourth Circuit, accordingly, held that "the district court did not abuse its discretion in ruling that the plaintiffs' many opportunities to present their claim warranted denial of the motion to amend." Id.

Additionally, in Abdul-Mumit, the Fourth Circuit noted:

> Reviewing the record here, we discern no abuse of discretion. The circumstances of the litigation below compel our conclusion that the nature and timing of the amendment would prejudice Hyundai. Throughout the litigation below, Hyundai repeatedly challenged the sufficiency of Appellants' complaints—specifically on the ground that the complaints failed to plead facts pertinent to individual plaintiffs and defendants. These pleading deficiencies were the subject of status reports, meetings, and eventually a motion to dismiss. . . .
>
> All of this time and energy, largely focused on the deficiency of the complaints, spanned the entirety of the 2016 calendar year.

9

> In June 2016—in the heat of this litigation concerning the sufficiency of the complaints—the district court <u>twice</u> granted Appellants leave to amend and explained "that the complaints may now be stale and in need of updating." . . .
>
> And still, even after status reports, opportunities to amend, dispositive motions, dismissal with prejudice, and a post-judgment motion for leave to amend, Appellants have not once provided the district court with a proposed amendment purporting to cure the deficiencies.
>
> Faced with such resolute adherence to deficient complaints, the district court's decision to dismiss with prejudice was well within its discretion under the facts of this case.

Abdul-Mumit, 2018 WL 3405474, at *6-7 (citations omitted).

### 2. Analysis

In the Court's view, allowing further amendment would be prejudicial. It therefore refuses to grant Plaintiffs leave to amend.

Plaintiffs filed their initial Complaint on April 4, 2017. Quickly thereafter, they moved to amend. The Court, by ORDER (ECF No. 6), advised Plaintiffs in no uncertain terms that their Complaint was severely flawed and ordered them to correct the deficiencies:

> [F]inding that the COMPLAINT (ECF No. 1) and the proposed amendments (ECF Nos. 2 and 5) are simply not understandable and that they offend Fed. R. Civ. P. 8(a) which requires that a claim for relief must contain . . . "a short statement of the claims showing that the pleader is entitled to relief;" . . . it is hereby ORDERED that, by June 19, 2017, the plaintiffs

10

> shall file an Amended Complaint that: . . . (2)
> complies with the short and plain statement
> requirements of Fed. R. Civ. P. 8(a).

ORDER (ECF No. 6). Additionally, the Court stated:

> Further, the plaintiffs are advised that
> their scatter shot approach to pleading by
> bringing complaints by all people with whom they
> have dealt in the City of Richmond in connection
> with the matters about which they apparently
> complain, the plaintiffs risk the imposition of
> sanctions for filing vexatious and frivolous
> lawsuits and they are therefore further advised
> that, in their Amended Complaint, they should
> name, as defendants, only the person or entity
> they [sic] actually violated their rights and,
> in that regard, the plaintiffs are advised that,
> if any named defendant is required to respond
> to any Amended Complaint, and if the Court later
> finds that that person should not have been
> named as a defendant, the plaintiffs run the
> risk of being assessed with the costs and
> attorney's fees incurred by any such defendant
> in connection with the defenses of any action
> found to be lacking in merit. The foregoing
> admonitions are given because a review of the
> COMPLAINT and the proposed amendments shows
> that . . . (2) the claims asserted to date (to
> the extent those claims can be understood) are
> dubious at best (and, in fact, appear to be
> fanciful and delusional which, if found to be
> the case, necessitates dismissal).

ORDER (ECF No. 6).[3]

In response, Plaintiffs filed an Amended Complaint. It was largely unintelligible and replete with legalistic gibberish. Indeed, by ORDER (ECF No. 9), the Court again admonished Plaintiffs

---

[3] The omitted language relates to the Court's conclusion that the Complaint and proposed amendments failed to show jurisdiction. That language has been removed because jurisdiction is not at issue here.

that their claims were "dubious" and suggested that those claims were difficult for the Court to understand. Several Defendants then moved to dismiss the Amended Complaint and included detailed briefing in support of their motion. That motion to dismiss, however, was denied as moot because Plaintiffs filed their Second Amended Complaint on the day after Defendants filed their motion. See ORDER (ECF No. 23). The Court construed the filing of the Second Amended Complaint as an amendment as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1) and hence permitted it without further analysis. See ORDER (ECF No. 23).[4]

The Second Amended Complaint, however, was even more deficient than the first two complaints in this case. It omitted the numerous, albeit largely indecipherable, descriptions of events as well as the many exhibits that appeared in previous iterations. It contained essentially no factual allegations to support the wrongs asserted

---

[4] The filing of the Second Amended Complaint was hardly a "normal" use of Fed. R. Civ. P. 15(a)(1). That provision permits a party to "amend its pleading once as a matter of course" within certain time limits and is typically relied upon early in the proceedings and before other amendments have been allowed. See Fed. R. Civ. P. 15(a)(1). Here, however, Plaintiffs had previously moved to amend the Complaint at the outset of the case. The Court rejected the proposed amendments because of their severe deficiencies, and it therefore did not treat Plaintiffs as using up their "free shot" amendment under Fed. R. Civ. P. 15(a)(1). See ORDER (ECF No. 6); ORDER (ECF No. 23). Thus, as to the Second Amended Complaint, Plaintiffs were relying on Fed. R. Civ. P. 15(a)(1) to support a second opportunity to replead their claims, and they were doing so after having received clear notice of the pervasive flaws in their pleadings.

by Plaintiffs. Consequently, Defendants again moved to dismiss, and they proffered analytically thorough briefs in support.

Plaintiffs moved to amend to file a Third Amended Complaint on December 28, 2017. They attached a proposed Third Amended Complaint (and several exhibits) to their motion. On April 23, 2018 (after Defendants had responded to that motion), Plaintiffs moved to dismiss the previous motion to amend and to amend the Second Amended Complaint. The second motion to amend did not include a proposed Third Amended Complaint (or any exhibits).

In light of the foregoing, it is apparent that further amendment would be prejudicial. Plaintiffs have filed three complaints in this action and, therefore, have had three opportunities to produce a complaint that satisfies federal pleading requirements. They were placed on notice by the Court, after filing the <u>first</u> complaint in this action, that they had not satisfied these requirements. Indeed, they were <u>ordered</u> to produce a pleading that cured the first complaint's inadequacies. Yet, the Amended Complaint was unintelligible and the Second Amended Complaint was devoid of factual allegations (and, accordingly, was the worst complaint of the bunch). Plaintiffs have clearly demonstrated "resolute adherence to deficient complaints." See <u>Abdul-Mumit</u>, 2018 WL 3405474, at *7.

Furthermore, Defendants have expended considerable time and effort in responding (quite diligently) to Plaintiffs' many

13

pleadings. After Plaintiffs filed their largely indecipherable Amended Complaint, Defendants produced thoughtful and comprehensive briefing in support of their motion to dismiss. Defendants did the same after Plaintiffs filed their woefully insufficient Second Amended Complaint. To force Defendants to continue to respond to Plaintiffs' pleadings would impose an unacceptably onerous burden upon them.[5]

That conclusion is underscored, moreover, by the fact that the Court has little way of ascertaining whether allowing amendment would cure the inadequacies in Plaintiffs' pleadings. Although the first motion to amend included a proposed Third Amended Complaint and exhibits, these were omitted from the second motion to amend, which is now the operative motion. And, given Plaintiffs' track record, it is highly likely that the Third Amended Complaint would suffer from faults similar to those of its predecessors.[6]

Enough is enough. Allowing amendment would be highly prejudicial to Defendants. Denying leave to amend is appropriate and warranted. Cf. United States ex rel. Nathan, 707 F.3d at 461 ("The

---

[5] It is worth noting that Defendants have also shouldered the burden of responding attentively to other of Plaintiffs' (at times improper) filings.

[6] That is true notwithstanding that, in the second motion to amend, Plaintiffs describe, in general terms, their proposed changes. Given the previous complaints in this case, the Court is not willing to rely on Plaintiffs' generalized characterizations.

14

granting of leave to file another amended complaint, when Relator was on notice of the deficiencies before filing the most recent amended complaint, would undermine the substantial interest of finality in litigation and unduly subject Takeda to the continued time and expense occasioned by Relator's pleading failures.").

The Court is mindful of Plaintiffs' pro se status. The law is complex, and pro se litigants often face an uphill battle, given that they must familiarize themselves quickly with concepts that their opponents have often had years, or decades, to master. Consequently, the Court treats pro se parties with a certain leniency. But, pro se parties are still persons seeking action by a Court of the United States and must satisfy the requirements of doing so. That is especially so where the failure to comply with those requirements would harm or prejudice a defendant. Here, Plaintiffs have steadfastly refused to discharge their obligations and have done so in a way that severely burdens Defendants. As Defendants aptly observe, "Plaintiffs continue to file pleading after pleading with no apparent understanding of what they are doing, what they are demanding of the various Defendants, or the imposition they continue to impose upon the Court and Defendants' resources and time." Defs.' Opp'n 2 (ECF No. 30). That is not acceptable, even for pro se parties.

Accordingly, Plaintiffs' MOTION TO LEAVE TO AMEND TO ALL DEFENDANTS/ DISMISS THE PRIOR MOTION TO LEAVE TO AMEND (ECF No. 48)

will be denied as to the request to amend the Second Amended Complaint.[7]

**CONCLUSION**

For the foregoing reasons, Defendants the City of Richmond, Selena Cuffee-Glenn, Timothy Burnett, William Davidson, and Randall Masters' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) (ECF No. 24) will be granted; Defendants Jeremy L. Nierman and Alice Snell's MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) (ECF No. 36) will be granted; Defendant Aaron Grayson's MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) (ECF No. 41) will be granted; PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (ECF No. 27) will be denied as moot, having been withdrawn; and Plaintiffs' MOTION TO LEAVE TO AMEND TO ALL DEFENDANTS/ DISMISS THE PRIOR MOTION TO LEAVE TO AMEND (ECF No. 48) will be granted as to Plaintiffs' request to withdraw PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED

---

[7] Plaintiffs also seek to add a Defendant, Anthony Jones, in the Third Amended Complaint. Although Jones has not yet expended resources on responding to Plaintiffs' many deficient pleadings, the Court concludes that it would be improper to allow amendment even as to him, given Plaintiffs' "repeated failure to cure deficiencies by amendments previously allowed" and their failure to show that their proposed changes to the Second Amended Complaint would correct the deficiencies. See Foman, 371 U.S. at 182. Those failures, moreover, are suggestive of bad faith and futility, which also support denying leave to amend. See Martin, 858 F.3d at 247; Wilkins, 320 F.R.D. at 127.

COMPLAINT (ECF No. 27) and will otherwise be denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 10, 2018